THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. GABRIEL T. GUIJARRO ET AL., Defendants; ANGEL LUIS LÓPEZ, Intervener and Appellant.

No. 9456. Argued January 14, 1947.—Decided January 29, 1947.

*Gustavo Cruzado Silva* for intervener-appellant. *Luis Negrón Fernández, Acting Attorney General,* and *J. Pérez Almiroty* for appellee. *Gabriel Guerra Mondragón, José Vilá Ruiz,* and *Antonio M. Bird* for the Water Resources Authority.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The People of Puerto Rico seeks the dismissal of this appeal on the ground that the same is frivolous. The intervener appellant has not filed an opposition to the motion. The facts are as follows:

On July 15, 1946, the District Court of San Juan rendered judgment against defendants Gabriel T. Guijarro and Luisa Brunet de Guijarro in a condemnation proceeding, by stipulation of the parties, the defendants having waived their right to appeal, and for this reasons the judgment became final (*firme*) on that date.

On November 4, 1946, plaintiff filed in the lower court a motion for the surrender of the material possession of the property expropriated on the part of certain persons who occupied it and were withholding the possession thereof. The court summoned the parties who were heard on the 22d of the same month and year. On the same day Ángel Luis López appeared and alleged that he occupied a certain part of the property expropriated, where he had a commercial establishment by virtue of a lease contract with the former owner, which was renewed by the Water Resources Authority on whose behalf plaintiff had expropriated the property, upon the payment of a monthly rental of $35 to the Authority, and since there existed the relation of landlord and tenant between them, he could only be evicted from the premises by an unlawful detainer proceeding; that as a matter of justice and discretion which the court had under the law, he asked the court to grant him a reasonable time, six months if possible, before issuing the order of eviction.

After hearig the parties, the court rendered, on November 22, an order granting López as well as the other persons summoned, a period of two months within which to surrender the premises, warning them that if they defaulted their ejectment would be ordered. It is from this order that López has taken the present appeal, whose dismissal is sought by the plaintiff.

The last paragraph of § 5(a) of the Act establishing the condemnation proceedings, as amended by Act No. 19 of November 30, 1942 (Spec. Sess. Laws, p. 82), provides as follows:

"*Provided*, That no appeal in any such cause nor any bond or undertaking given therein shall operate to prevent or delay the acquisition by, or the vesting of the title to such property in, The People of Puerto Rico, the corresponding housing authority, municipality, or Government of the Capital, as the case may be, and its material delivery thereto."

The fourth paragraph of the same § 5(a), *supra*, prescribes:

"Upon the filing of the declaration of taking, the court shall have power to fix the time within which, and the terms upon which, the natural or artificial person in possession of the property the object of the proceeding shall surrender material possession to the *expropriating* party. The court shall have power to make such orders in respect to encumbrances and other charges, if any, burdening the property, as shall be just and equitable."

In the case at bar the lower court, after hearing the parties, rendered the order appealed from, wherein it fixed the time within which, and the terms upon which, the persons in possession of the property should surrender material possession to the appellee. It is true that said order does not expressly decide appellant's contention that the Water Resources Authority renewed the lease contract with him, but we must infer that impliedly it dismissed the same when it merely fixed the reasonable time requested by appellant. Whether it so acted after weighing the evidence which the parties presented, we do not know, since appellee has not placed us in a position to so determine by filing a copy of the transcript of the evidence, if there is any. It does not appear from the documents presented by the appellee that no evidence was introduced by the parties.

Although pursuant to the above-mentioned proviso, no appeal in any such case shall operate to prevent or delay the

surrender of the property taken by the appellee, we are not in a position to decide that the appeal taken in this case by López is clearly frivolous, and consequently the dismissal sought is hereby denied.